UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| MTAG CUST ALTERNA FUNDING II, LLC, | : | Civil Action No. 18-13625 (KM) (MAH) |
| Plaintiff, | : | |
| v. | : | REPORT AND RECOMMENDATION |
| PAMELA RUSS FERGUSON, *Pro Se* Et al., | : | |
| Defendants. | : | |

This matter having come before the Court by way of Plaintiff MTAG Cust Alterna Funding II, LLC's ("Plaintiff") motion to remand this case to the Superior Court of New Jersey, Chancery Division, Essex County, *see* Pl.'s Mot. to Remand, D.E. 7;[1]

and United States District Judge Kevin McNulty having referred this motion to the Undersigned for a Report and Recommendation;

and Defendant *pro se* Pamela Ferguson, who removed this action to this Court, having failed to file an opposition to the motion to remand, which was due on February 5, 2019;

and the Court having considered the papers submitted in support of the motion, as well as the applicable law;

and the Court finding that despite lack of opposition to the motion to remand, the Court must consider whether removal was proper, *see*, *e.g.*, *Raspa v. Home Depot*, 533 F.Supp.2d 514,

---

[1] Plaintiff filed this foreclosure action on an unredeemed tax sale certificate on April 17, 2017. Compl., Exh. To Not. Of Removal, D.E. 1-1. Plaintiff alleges that on December 8, 2014, it purchased a tax sale certificate from the Township of Maplewood Tax Collector. *Id.* This tax lien is secured by real property at 5-7 Essex Ave., Maplewood, N.J. *Id.* Defendant Ferguson was the prior owner of this property. *Id.* The Superior Court of New Jersey, Chancery Division, Essex County entered Final Judgment in this foreclosure action on January 25, 2018. Moving Affidavit, Jan. 25, 2019, Exh. C, Civil Action Final Judgment, D.E. 7-3.

515 (D.N.J. 2007) (denying motion to remand despite lack of opposition); *Meier v. Jerry M. Barner & Sons, Inc.*, Civ. No. 99–269, 1999 WL 178369, at *1 (E.D. Pa. Mar. 29, 1999) (same);

and it appearing that on September 5, 2018, Defendant Ferguson removed this matter to this Court, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(2), *see* Not. of Removal, D.E. 1, ¶¶ II.A., II.C.;

and Title 28, Section 1446(b)(1) of the United States Code stating that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1);

and the United States Court of Appeals for the Third Circuit having instructed that the party asserting federal jurisdiction by way of removal bears the burden of establishing that removal was proper and that subjection matter exists at all stages while the case is before the federal court, *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004);

and the Third Circuit having further instructed that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992);

and Plaintiff having filed a Complaint for foreclosure of the tax lien in state court on April 17, 2017;

and, as previously noted, Defendant Ferguson did not remove the instant action to this Court until September 5, 2018;

and the Court therefore finding that Defendant Ferguson did not file the notice of removal in this Court within thirty days of her receipt of the Complaint as required by 28 U.S.C. § 1446(b)(1), and indeed, did not do so until more than seven months after the state court entered

final judgment in this foreclosure action;

and the Court also noting that "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006);

and it appearing that Defendant Ferguson pleads diversity jurisdiction based on Plaintiff's Louisiana citizenship and her New Jersey citizenship, Not. Of Removal, D.E. 1, ¶ II.C;

and it further appearing that although there are six Defendants other than Defendant Ferguson named in this action, the removal petition fails to allege the citizenship of any of the other Defendants, and accordingly, fails to allege complete diversity between Plaintiff and all Defendants;[2]

and for good cause shown;

**IT IS ON THIS 27th day of February 2019,**

**RECOMMENDED** that Plaintiff's motion to remand, D.E. 7, be granted and this matter be remanded to the Superior Court of New Jersey, Chancery Division, Essex County.

Under 28 U.S.C. § 636, and L. Civ. R. 71.1(c)(2), the parties have fourteen days to file and serve objections to this Report and Recommendation.


*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The other six Defendants in this action are: Mr. Ferguson, Deutsche Bank National Trust Company, Mortgage Electronic Registration Systems, Inc., the State of New Jersey, Paula M. Figlia, M.D., and Millenium Anesthesia Consult. Compl., D.E. 1-1, at ¶ 11. Plaintiff explains that these Defendants are named as party defendants to this action for any right, title and interest they may have in, to or against the subject property. *Id.*